```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL GARY BELAND,**

      **Plaintiff,**

**v.**                         **CIVIL ACTION NO. 1:14CV138**
                                      **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Pending for consideration is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble (dkt. no. 16). For the reasons that follow, the Court adopts Magistrate Judge Trumble's R&R, grants the Commissioner's motion for summary judgment, denies Michael Gary Beland's summary judgment motion, and dismisses this case with prejudice from the active docket of this Court.

**I.   PROCEDURAL BACKGROUND**

Pursuant to Local Rule 4.01(d), the Court previously referred this action to Magistrate Judge Trumble on August 18, 2014, for submission of an R&R. On June 19, 2015, Magistrate Judge Trumble filed his R&R, which recommended that the Court grant defendant's Motion for Summary Judgment (dkt. no. 14), deny plaintiff's motion for Summary Judgment (dkt. no. 12), and dismiss this case with prejudice.

**BELAND V. COMMISSIONER OF SOCIAL SECURITY**　　　　　　　　　　**1:14CV138**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

On July 1, 2015, counsel for the plaintiff, Michael Gary Beland ("Beland"), filed timely Objections to the R&R (dkt. no. 17), to which the Commissioner responded on July 7, 2015 (dkt. no. 18). The matter is ripe for review.

**II. CASE HISTORY**

On September 10, 2010, Beland protectively filed his first application under Title II of the Social Security Act for a period of disability and disability insurance benefits ("DIB"), and under Title XVI of the Social Security Act for Supplemental Security Income ("SSI"), alleging disability beginning on November 23, 2009. (R. 325-31, 332-35). The record reflects that Beland had sufficient quarters of coverage to remain insured through September 30, 2014. He therefore must establish disability on or before that date. (R. 163). The Commissioner denied Beland's claims initially on November 8, 2010 (R. 210, 215), and on reconsideration on April 14, 2011 (R. 221, 225).

On May 9, 2011, Beland requested a hearing (R. 228) that later occurred in Martinsburg, West Virginia, on February 28, 2013. A United States Administrative Law Judge ("ALJ") presided (R. 179-203), and Beland, represented by counsel, appeared and testified in

person. (R. 183-200). An impartial vocational expert ("VE") also appeared and testified. (R. 200-02).

In a decision entered on March 8, 2013, the ALJ determined that Beland was not disabled within the meaning of the Social Security Act. (R. 160-78). On June 25, 2014, the Appeals Council denied Beland's request for review, thus making the ALJ's decision the final decision of the Commissioner. (R. 1-6). On August 19, 2014, Beland timely sought judicial review of that final decision. (Dkt. No. 1).

In accordance with the five-step evaluation process described in 20 C.F.R. § 404.1520, the ALJ made the following findings:

   1.   The claimant meets the insured status requirements of the Social Security Act through September 30, 2014;

   2.   The claimant has not engaged in substantial gainful activity since November 23, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*);

   3.   The claimant has the following severe impairments: degenerative disc disease of the lumbar spine s/p hemi-laminectomy and discestomy in October of 2010 and residual chronic bilateral lumbosacral radiculopathy and chronic polyneuropathy, diabetes mellitus; gout, left frozen shoulder syndrome as of October 14, 2012, gatro-paresis post drainage in 2012, gastro-esophageal reflux disease (GERD), nephropathy, a major depressive disorder with a global assessment of functioning (GAF) at 55; an attention deficit hyperactivity disorder (ADHD) by history only, and anxiety (20 CFR 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except due to his musculoskeletal problems, he is limited to occasional climbing of ropes, ladders and scaffolds. He can occasionally stoop, balance, kneel, crouch, and crawl. He cannot perform work involving over-head reaching. The claimant must avoid concentrated exposure to extreme temperatures of heat, cold, wetness, and humidity. He must also avoid concentrated exposure to hazardous machinery and working at heights. Due to psychologically based symptoms, he is able to understand and carry out simple instructions and perform simple, routine work;

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

7. The claimant was born on April 17, 1971, and was 38 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963);

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564, 20 CFR 416.964);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs

> that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a), 416.969, and 416.969(a)); and
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from November 23, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(R. 163-173).

**III. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because Beland has filed objections, this Court will undertake a *de novo* review as to those portions of the R&R to which he has objected.

In reviewing an administrative finding of no disability, the court's scope of review is limited to determining whether "the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Elaborating on this definition, the Fourth Circuit has stated that substantial evidence "consists of

5

more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a jury verdict were the case before a jury, then there is 'substantial evidence.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1968)). However, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment . . . if the decision is supported by substantial evidence." Hays, 907 F.2d at 1456 (citing Laws, 368 F.2d at 642; Snyder v. Ribicoff, 307 F.2d 518, 529 (4th Cir. 1962)).

In its review of the Commissioner's decision, the court must also consider whether the ALJ applied the proper standards of law: " A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Sec'y of Labor v. Mutual Mining, Inc. 80 F.3d 110, 113, (4th Cir. 1996) (quoting Conolo . Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

**IV. DISCUSSION**

Beland's objections focus on the magistrate judge's conclusion that the ALJ's failure to provide sufficient reasons for according little weight to the opinion of Karoly Varga, M.D. ("Dr. Varga"), his treating neurologist, was harmless error. (Dkt. No. 17). Beland seeks to reverse the ALJ's decision, or, alternatively, remand the case to the Commissioner. (Dkt. No. 17).

The Commissioner contends that substantial evidence exists in the record to support the ALJ's decision. In his view, it should be affirmed as a matter of law because the ALJ's "residual functional capacity (RFC) adequately accounted for the limitations included in Dr. Varga's opinion." (Dkt. No. 18).

In the R&R, the magistrate judge first noted that the opinion of a treating physician will be given controlling weight if it 1) is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and 2) is not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); see also Hines v. Barnhart, 453 F.3d 559, 563 n.2 (4th Cir. 2006) (quoting Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam)) ("The treating physician

7

rule is not absolute. An 'ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence.'"). However, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). For example, the Commissioner is responsible for determining whether a claimant is disabled or unable to work. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). A medical source that offers an opinion on whether an individual is disabled or unable to work therefore "can never be entitled to controlling weight or given special significance." SSR 96-5p, 1996 WL 374183, at *5.

Nevertheless, "a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it." Craig v. Charter, 76 F. 3d 585, 589 (4th Cir. 1996). The treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983).

Whenever an ALJ does not give a treating source opinion controlling weight and determines that a claimant is not disabled,

8

> the notice of the determination or decision must contain
> specific reasons for the weight given to the treating
> source's medical opinion, supported by the evidence in
> the case record, and must be sufficiently specific to
> make clear to any subsequent reviewers the weight the
> adjudicator gave to the treating source's medical opinion
> and the reasons for that weight.  This explanation may be
> brief.

SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

An ALJ determining the weight to be given to the opinion of a treating physician must consider the following factors: 1) the length of the treatment relationship and frequency of examination; 2) the nature and extent of the treatment relationship; 3) the supportability of the opinion; 4) the consistency of the opinion with the record; 5) the degree of specialization of the physician; and 6) any other factors that may be relevant, including understanding of the disability programs and their evidentiary requirements. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ not need specifically list and address each of these factors in his decision, so long as he provides sufficient reasons for the weight assigned to the treating source opinion. See Pinson v. McMahon, No. 3:07-1056, 2009 WL 763553, at *11 (D.S.C. Mar. 19, 2009) (holding that the ALJ properly analyzed the treating source's opinion even

though he did not list the five factors and specifically address each one).

As the Fourth Circuit explained in <u>Arnold v. Secretary</u>, 567 F.2d 258, 259 (4th Cir. 1977):

> [C]ourts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Thus, in weighing opinion evidence, an ALJ must sufficiently explain the weight, if any, given to the opinion, and the reasons for that.

Here, the magistrate judge found that the ALJ failed to adequately "outline any specific treatment notes that were inconsistent with Dr. Varga's opinion, failed to discuss any of the factors outlined in 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), and failed to provide sufficient reasons for the weight assigned to Dr. Varga's opinion." (R&R at 55). Further, he determined that the ALJ failed to note that Dr. Varga's October 21, 2012, report and her treatment notes contained limitations, including "balance problems, walking difficulties and limited exercise tolerance." (R&R at 55).

After thoroughly reviewing the record, however, the magistrate judge determined that these omissions were harmless error because the ALJ's RFC included the limitations noted by Dr. Varga. Id. Specifically, the ALJ found that

> . . . the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except due to his musculoskeletal problems, he is limited to occasional climbing of ropes, ladders and scaffolds. He can occasionally stoop, balance, kneel, crouch, and crawl. He cannot perform work involving over-head reaching . . . .

(R. 169). "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

Dr. Varga's October 21, 2012 treating source opinion, in the form of a letter provided to Beland's attorney (R. 946-47), indicated that she had first seen Beland at City Hospital on August 22, 2010. An appropriate workup confirmed LS radiculopathy that ultimately required surgery. Following the surgery, Dr. Varga continued to treat Beland on a regular basis, explaining that,

while the lower back surgery had successfully addressed his lower back pain, Beland continued to experience severe feet and leg pain. Dr. Varga also noted the results from a January 6, 2011 electrodiagnostic test performed by WorkWell Systems, Inc. that confirmed neuropathy resulting in severe chronic axonal sensory-motor peripheral polyneuropathy, complicated by chronic bilateral multilevel LS radiculopathy. (Id.).

In Dr. Varga's opinion, the etiology of Beland's neuropathy was diabetes mellitus resulting in additional diabetic complications, including gastroparesis and nephropathy. She also noted that Beland showed signs of depression, and concluded that these conditions, together with severe pain, resulted in "balance problem[s], walking difficulties, limited exercise tolerance," and were the cause of a severe fall that resulted in a broken ankle and exacerbation of Beland's lower back pain. (Id.). Dr. Varga further noted that a January 6, 2011 "Functional Capacity Evaluation" ("FCE") noted that Beland had "impaired balance, struggles with walking, squatting and lifting." (Id.).

Following her last evaluation of Beland on September 27, 2012, Dr. Varga opined that Beland suffered from severe limitations in his physical abilities as a consequence of his chronic medical

<mark>BELAND V. COMMISSIONER OF SOCIAL SECURITY                 1:14CV138</mark>

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

conditions (R. 947), LS radiculopathy, failed back syndrome, severe peripheral polyneuropathy with autonomic complications, and clinical signs of depression. Regarding this opinion, the ALJ merely stated:

> The undersigned also considered the opinion of Dr. Varga, a treating physician, at Exhibit 18 F, and gives it little weight. It was a conclusory opinion stating the claimant's physical abilities were severely limited, setting forth [sic] any specific limitations.

(R. 171).

Rejecting Beland's reliance on Mathis v. Astrue, No. 2:09CV034, 2011 WL 3515467, at *6 (W.D.N.C. Aug. 11, 2011), and Adkins v. Colvin, No. 4:13-CV-00024, 2014 WL 3734331, at *3 (W.D. Va. July 28, 2014) (an ALJ may reject a treating source opinion as conclusory when it fails to set forth specific limitations), the magistrate judge noted that Dr. Varga's October 21, 2012, opinion and her treatment notes contained specific limitations, including balance problems, walking difficulties, and limited exercise tolerance. (R&R at 53).

According to Dr. Varga's treatment notes, Beland has decreased dorsi- and planter flexion, decreased sensation on both feet, antalgic gait with left sided limp, negative tandem walk, positive straight leg raise test on both sides, spastic and painful LS

13

paraspinal muscles and painful and/or swollen feet. These physical findings supported her opinion that Beland was limited in balancing, walking and exercising. (R&R at 55).

According to the magistrate judge, by limiting Beland to sedentary work with postural limitations, the ALJ's RFC adequately incorporated the limitations contained in Dr. Varga's opinion and treatment notes. Moreover, the magistrate judge noted that Dr. Varga's report did not include any greater limitations on Beland's ability to walk or balance than the limitations included by the ALJ in the RFC.

Because Dr. Varga's opinion as to Beland's limitations is consistent with the ALJ's RFC, the magistrate judge found that the ALJ's failure to give sufficient reasons for assigning less weight to Dr. Varga's opinion was harmless error. See Morgan v. Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) ("Any error the ALJ may have made in rejecting Dr. Holford's medical opinion, which provided essentially the same time restriction on sitting and standing as the FCE, was therefore harmless.")

Courts will not reverse an ALJ's decision for harmless error when the record clearly establishes that the ALJ's error was not of consequence to the disability determination. Tommasetti v. Astrue,

533 F.3d 1035, 1038 (9th Cir. 2008). See also Hurtado v. Astrue, C/A No. 1:09-1073-MBS-SVH, 2010 WL 3258272, at *11 (D.S.C. July 26, 2010) ("[T]he court acknowledges there may be situations in which an error in an opinion is harmless because it would not change the outcome of the ALJ's decision."

Here, the magistrate judge correctly concluded that the ALJ's failure to provide sufficient reasons for finding that Dr. Varga's opinion was entitled to little weight was harmless error because, in his RFC, the ALJ included all of the limitations contained in Dr. Varga's report and treatment notes. Finding that the magistrate judge's determination that the record provides substantial evidence to support the ALJ's conclusion that Beland retains the ability to perform work at a "sedentary" level of exertion is not erroneous, the Court **OVERRULES** Beland's objection to the R&R.

## V. CONCLUSION

After careful review, the Court concludes that the R&R should be, and is, hereby **ADOPTED** for the reasons discussed and more fully stated in the magistrate judge's report. Therefore, the Court **OVERRULES** Beland's objections, **ACCEPTS** Magistrate Judge Trumble's R&R in whole, and **DISPOSES** if this civil action in accordance with

**BELAND V. COMMISSIONER OF SOCIAL SECURITY**                   1:14CV138

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

the recommendation of the Magistrate Judge. Accordingly, the Court

1. **GRANTS** the defendant's motion for Summary Judgment (Docket No. 14);
2. **DENIES** the plaintiff's motion for Judgment on the Pleadings (Docket No. 12); and
3. **DISMISSES** this civil action **WITH PREJUDICE** and **DIRECTS** that it be **STRICKEN** from the active docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

It is so **ORDERED**.

DATED: September 1, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE